**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **TYRONE DEWAYNE GIPSON** | **CIVIL ACTION NO. 15-1047-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Tyrone Dewayne Gipson ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on April 2, 2015. Petitioner is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his state court convictions and sentences. He names the State of Louisiana as respondent.

On October 23, 2008, Petitioner was convicted of two counts of possession of a Schedule II controlled dangerous substance and one count of possession of a Schedule I controlled dangerous substance in Louisiana's First Judicial District Court, Parish of Caddo. On April 6, 2009, the trial court adjudicated Petitioner a third felony offender and sentenced him to 35 years imprisonment at hard labor; 10 years imprisonment at hard

labor as to the possession of a Schedule II controlled dangerous substance convictions; and 20 years imprisonment at hard labor as to the possession of a Schedule I controlled dangerous substance conviction. The trial court ordered the sentences to run concurrently.

In support of this petition, Petitioner alleges (1) false testimony was admitted at trial, (2) the search and seizure were illegal, and (3) he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

**LAW AND ANALYSIS**

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";
2. the date "the impediment to filing an application created by State action in

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on October 23, 2008 and adjudicated a third felony offender and sentenced on April 6, 2009. The Louisiana Second Circuit Court of Appeal affirmed his convictions and amended his sentence for possession of cocaine and affirmed all sentences as amended. State v. Gipson, 34 So.3d 1090, 45,121 (La. App. 2 Cir. 4/14/10). The Supreme Court of Louisiana denied writs of review. State v. Gipson, 50 So.3d 827, 2010-1019 (La. 11/24/10).

When a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244, ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after November 24, 2010 on February 22, 2011.

The federal petition currently before the court was filed in this court on April 2, 2015 and mailed by Petitioner on April 1, 2015. Since the federal clock began ticking on February 22, 2011, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before February 22, 2012. This petition was not filed until April 1, 2015 at the earliest, more than three years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner filed an application for post-conviction relief in the trial court on June 28, 2012 [Doc. 1, p. 23]. Review of this application continued until the Supreme Court of Louisiana denied writs on February 13, 2015. State ex rel. Gipson v. State, 159 So.3d 458, 2014-952 (La. 2/13/15). To toll the federal limitation period, a petitioner's post-conviction application or motion must be filed within the federal one-year period. Petitioner did not file his application for post-conviction relief in the trial court until June 2012, which was after the limitation period had already expired on

February 22, 2012.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district

court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 4th day of August, 2015.

Mark L. Hornsby
U.S. Magistrate Judge